


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EBONE EVERETT,

Plaintiff,

v.

GREEN KEY, LLC d/b/a GREEN KEY SOLUTIONS, LLC, and HEALTH PLUS MANAGEMENT, LLC,

Defendants.

No. 1:22-cv-00140 (CM)

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff Ebone Everett and Defendants Green Key, LLC d/b/a Green Key Solutions, LLC and Health Plus Management, LLC (collectively, the "Parties"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 30, stipulate to this Stipulation and Protective Order (the "Protective Order") as follows:

1. As used in this Protective Order, these terms have the following meanings:

a. "Action" means this proceeding, *Everett v. Green Key Solutions, LLC, et al.*, No. 1:22-cv-00140 (CM), now pending in the United States District Court for the Southern District of New York.

b. "Confidential Information" shall mean all Discovery Materials or testimony, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, that is designated as such by the Disclosing Party in any manner provided in Paragraph 3. Any Party may designate as Confidential Information any information that the Party in good faith believes contains proprietary, confidential business information, client, commercial, financial, and/or personnel information, medical records and/or trade secrets that the

Party would not normally reveal to third parties, or would require third parties to maintain in confidence.

c. "Disclosing Party" shall refer to any Party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

d. "Discovery Materials" shall be defined as all Documents, information, and other materials exchanged by the Parties in connection with the Action.

e. "Document" shall have the full meaning ascribed to that term in Local Rule 26.3 and Fed. R. Civ. P. 34 and shall mean any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The terms is also meant to include, without limitation, all original and non-identical copies, and all non-identical drafts or versions of any document.

f. "Receiving Party" shall refer to any Party to this Action and any non-party that receives Confidential Information in connection with depositions, document production or otherwise.

2. All Discovery Materials produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose, including, without limitation, any other litigation or any business, commercial, competitive, or other purpose or function, except as otherwise required or directed by law, court, tribunal, governmental agency, or self-regulatory organization.

3. Information may be designated as Confidential Information in the following manner:

a. by imprinting or affixing a label with the word "CONFIDENTIAL" on the first page, cover, or on each page of any Document, in a manner that does not interfere with the legibility of the Document;

b. by imprinting or affixing a label with the word "CONFIDENTIAL" next to or above any response to an interrogatory or request for admission;

c. with respect to information that has previously been disclosed, by giving written notice to opposing counsel designating the specific information as "CONFIDENTIAL," in which case, all information so designated shall be subject to this Protective Order as if it had been initially designated;

d. with respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL;" or

e. with respect to transcribed testimony, by designating such portions as "CONFIDENTIAL" on the record at the time such testimony is given or by designating such portions as "CONFIDENTIAL" following receipt of the transcribed testimony.

4. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

a. counsel of record in this Action as well as its employees to whom disclosure is reasonably necessary in connection with this Action;

b. the named Parties, including its or their past and present in-house counsel, officers, directors, and employees to whom disclosure is reasonably necessary for this Action;

c. experts, consultants, investigators, mock jurors, and professional vendors, including each of their staff, who are retained in connection with this Action;

d. outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the Parties during this Action to whom disclosure is reasonably necessary for this Action;

e. the Court, any court in which a Party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

f. court reporters, stenographers, and video operators, including each of their staff, to whom disclosure is reasonably necessary in this Action;

g. witnesses in the Action to whom disclosure is reasonably necessary and who have been informed of their obligation to comply with this Protective Order;

h. any mediator, referee, or other neutral agreed to by the Parties for the purpose of dispute resolution in this Action;

i. the author or recipient of a Document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

j. other persons only: (a) after notice to all Parties; and (b) upon order of the Court or upon written consent of the Disclosing Party.

5. Any Party may object to a designation made pursuant to this Protective Order. No Party shall be obligated to challenge the propriety of a designation pursuant to this Protective Order when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a Party objects to a designation under this Protective Order, the objecting Party shall notify the Disclosing Party in writing, which shall state with particularity the grounds for objection. The Disclosing Party shall respond in writing to such objection and shall sate with particularity the grounds for asserting that the document or information is Confidential. If the

Disclosing Party fails to make a timely response to the Objecting Party's objection, the challenged designation will be deemed to be void. The Parties, through counsel, shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation. If, for whatever reason, the Parties do not resolve their disagreement, the Parties shall submit their dispute to the Court for resolution. The Party making the designation shall have the burden of demonstrating the propriety of the designation. Any material designated "CONFIDENTIAL" shall be treated as "CONFIDENTIAL" under the terms of this Protective order until the dispute is resolved by the Court.

6. Nothing in this Protective Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any Confidential Information that:

a. is or became public knowledge, not in breach of this Protective Order;

b. was acquired by a Party from a non-party having the right to disclose such information; or

c. was learned by a Party as a result of that Party's own independent efforts, investigation, or inquiry.

7. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, the Receiving Party must: (a) promptly notify the Disclosing Party in writing and provide the Disclosing Party with a copy of the subpoena or court order; (b) promptly notify the individual or entity who caused the subpoena or order to issue in the other litigation or investigation in writing and provide it with a copy of this Protective Order; and (c) cooperate with respect to all

reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

8. If notice is given pursuant to Paragraph 3(c), all Confidential Information so designated shall be subject to this Protective Order as if it had been initially designated as such. The Receiving Party must: (a) notify any non-party to whom disclosure has been made about the confidentiality designation and the terms of this Protective Order; and (b) use best efforts to retrieve all copies of the Confidential Information.

9. The attorneys of record and all other persons receiving Confidential Information under this Protective Order are responsible for employing reasonable measures to control access to, and the duplication and distribution of, Confidential Information. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify the Disclosing Party of the unauthorized disclosures in writing; (b) use best efforts to retrieve all unauthorized copies of the Confidential Information; and (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order.

10. Nothing herein shall prevent any of the Parties from using Confidential Material in any trial, hearing, or court conference in this litigation or from seeking further protection with respect to the use of any Confidential Material in any trial, hearing, or court conference in this litigation. Means to preserve the confidentiality of Confidential Material presented at trial, hearing, or court conference shall be considered and implemented in advance of such trial, hearing or court conference pursuant to the standards set forth by the Court. If Confidential Material is used at a hearing, court conference, or trial, all portions of the transcripts and exhibits

thereof which relate to Confidential Material shall be designated and treated pursuant to the terms of this Stipulation and Protective Order, unless the Court orders otherwise.

11. The production of Confidential Material shall not constitute an admission or concession by the producing or designating party that such Confidential Material is relevant or probative of any issue or is admissible at any proceedings for any purpose.

12. A Party who seeks to file with the Court any Confidential Material must file such Confidential Material under seal as authorized or permitted by the Court, in accordance with the Court's procedures, and must remain under seal unless or until the Court orders otherwise.

13. The production of privileged or work product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. If a Disclosing Party identifies produced Discovery Material that it believes is privileged, it shall notify the Receiving Party's counsel in writing, and identify the Discovery Material that it claims is privileged. Likewise, if a Receiving Party otherwise becomes aware that it has received information or materials which it knows or reasonably should know are privileged, the Receiving Party shall immediately stop reading such materials and notify the Disclosing Party. Upon learning that privileged Discovery Material was produced, the Receiving Party shall immediately return the Discovery Material claimed to be privileged, and any copies thereof, and confirm to the Disclosing Party in writing that all electronic copies of the document have been deleted or otherwise destroyed. Any notes or summaries referring or relating to any privileged Discovery Material shall be destroyed forthwith. The Disclosing Party shall update its privilege log to reflect the Discovery Material. This paragraph does not constitute a waiver of the Receiving Party's right to challenge the claim of privilege or of inadvertent production.

14. Within 60 days of the termination of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured. Each Receiving Party, at the Disclosing Party's request, shall provide certification in writing as to such destruction within the 60-day period that: (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts and exhibits; legal memoranda; correspondence; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

15. The Parties may designate pursuant to this Protective Order any information produced by other Parties or non-parties in this Action. In the event that additional persons or entities become Parties to this Action, such Parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly joined Parties or their counsel confirm in writing to all other Parties that they have read this Protective Order and agree to be bound by its terms.

16. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of the Parties: (a) to resist discovery with respect to, or to seek to obtain additional or different protection for, Discovery Materials claimed to be protected work product or privileged

under federal or state law, Discovery Materials as to which a party claims a legal obligation not to disclose, or Discovery Materials not required to be provided pursuant to federal or state law; (b) to seek to modify or obtain relief from any aspect of this Stipulation and Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any Discovery Materials, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

17. Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting protection as may be appropriate.

18. The obligations imposed by this Protective Order shall survive the termination of this Action and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed.

19. This Court will retain jurisdiction to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Nothing herein shall be construed to modify any previously existing confidentiality obligations of the Parties.

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

By signing below, each of the attorneys named below and the Parties they represent undertake to abide by and be bound by the provisions of this Protective Order.

Dated: April 20, 2022

By:________________
Cathryn Harris-Marchesi
PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC
585 Stewart Ave., Suite 410
Garden City, New York 11530
(212) 248-7431
Charris-marchesi@tpglaws.com

*Counsel for Plaintiff*

By:________________
Kelly C. Spina
LITTLER MENDELSON P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(613) 247-4744
kspina@littler.com

*Counsel for Defendant*
*Green Key Solutions, LLC*

By:________________
Gabrielle Levin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-3901
glevin@gibsondunn.com

*Counsel for Defendant*
*Health Plus Management, LLC*

Case 1:22-cv-00140-CM Document 28 Filed 05/09/22 Page 12 of 12

The foregoing Stipulation is hereby APPROVED as an Order of the Court.

DATED: 5/9/2022

Hon. Colleen McMahon